This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Michael A. Richardson appeals from the order of the Summit County Court of Common Pleas convicting him of one count of robbery. This Court affirms.
 I.
On July 5, 2001, seventy-three-year old Orlan W. Petty was working as a maintenance worker in the Cedar-Pine building on Cedar Street in Akron. Around 5 PM, Petty noticed Richardson loitering in the lobby wearing a dark shirt and orange pants. Richardson was the only other person in the lobby. Petty asked Richardson what he was waiting for, and Richardson replied "My wife." Petty turned away from Richardson, whereupon he was immediately grabbed from behind, hearing "I'm after your wallet." Petty yelled for help, calling "I'm getting robbed." Petty was forced to the ground after some wrestling, and Petty's wallet was taken. Petty remembered Richardson's arms as those that engulfed him and forced him down.
By the time anyone responded to help Petty, Richardson fled. Edward Peterson, a security guard for a neighboring building, observed Richardson loitering outside the Cedar-Pine building right before Petty was robbed. Peterson noticed that Richardson was approaching a lone female as she got out of her car, and the female observed Richardson and hustled into the Cedar-Pine building. Peterson noticed Richardson go around the building, and Peterson shifted his attention away from the Cedar-Pine building. Approximately three minutes later Petty came running and exclaimed that he had been robbed, and described Richardson. Another witness, Kathy Hathaway, verified the physical description of Richardson and the clothes he wore to Akron.
Akron police canvassed the area looking for a subject with the physical characteristics and clothes of Richardson. Police spotted Richardson as he entered the Wooster Market, just under one mile from the scene of the crime. Richardson was approached and questioned, and police noticed a sheen of sweat upon his brow. Richardson was taken back toward the crime scene where, from another police cruiser, Petty and Peterson identified Richardson. Thereafter, Richardson was placed under arrest.
Richardson was indicted on one count of robbery, in violation of R.C.2911.02(A)(3). Richardson pled not guilty, and the matter proceeded to a jury trial. The jury found Richardson guilty as charged, and the trial court sentenced him accordingly.
Richardson has timely appealed, asserting two assignments of error.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S CRIMINAL RULE 29 MOTION TO DISMISS THE ROBBERY CHARGE FOLLOWING THE CONCLUSION OF THE STATE'S EVIDENCE."
 ASSIGNMENT OF ERROR II "APPELLANT'S CONVICTION FOR ROBBERY WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
The foregoing assignments of error are considered together as they raise similar issues of law and fact.
In his first assignment of error, Richardson argues that the trial court erred when it denied his Crim.R. 29 motion for acquittal at the close of the case because the state had insufficient evidence to demonstrate his guilt beyond a reasonable doubt. In his second assignment of error, Richardson claims his conviction for robbery is not supported by the manifest weight of the evidence. This Court disagrees.
In conducting a manifest weight of the evidence review this Court must:
 "[r]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Robbery is proscribed by R.C. 2911.02(A)(3), which provides: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [u]se or threaten the immediate use of force against another." In the instant case, Petty was attacked from behind, enfolded by the assailant's arms as he demanded Petty's wallet. While Petty never saw Richardson's face once the robbery commenced since he was grabbed from behind, the only other person in the lobby was Richardson. Petty also identified Richardson's arms, and distinctive orange pants and dark shirt. Petty's physical description and identification of Richardson was corroborated by the security guard from a neighboring building and Hathaway. When police caught up with Richardson, he was still wearing the distinctive orange pants. Richardson attempts to characterize his conviction as improperly based solely on him wearing orange pants. Obviously, orange parachute pants are distinctive, and, therefore, may attract more attention. Moreover, Richardson's argument omits the fact of multiple identifications. On the face of the record this Court cannot conclude that the jury clearly lost its way or committed a manifest miscarriage of justice.
"Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v.Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462.
Having found Richardson's conviction for robbery was met by the manifest weight of the evidence, this Court also concludes that the conviction is supported by sufficient evidence.
 III.
Richardson's first and second assignments of error are overruled.
Judgment affirmed.
BAIRD, P.J., WHITMORE, J.